## CAMPBELL v. JONES.

*Appeal from Polk District Court—Friday, July 29.*

AGREEMENT: RIGHT OF REDEMPTION.

ACTION in chancery. Decree for plaintiff. Defendant appeals. The facts fully appear in the opinion.

*Phillips & Phillips* for the appellant—*Withrow & Wright* for the appellee.

BECK, J.—The object of this action is to subject certain lands to a judgment recovered by plaintiff against the firm of Campbell, Jones & Co., of which defendant was a member. The lands are the individual property of defendant.

· The petition charges that plaintiff recovered judgment against the firm of Campbell, Jones & Co., May 29, 1862, in the district court of Polk county, for $3,344.64; that the firm has no property from which the judgment may be collected; that the members of the firm, except defendant Jones, are insolvent; and that defendant voluntarily conveyed, without consideration, in order to defeat the collection of the judgment, the lands to Rely Jones, who is made a defendant. It also charges that the lands, or a part of them, were sold upon a certain execution issued upon a judgment against the defendant John C. Jones; that plaintiff procured B. F. Allen, who is made a defendant, for his use, to purchase and hold the certificates of sale, and also to redeem said lands from certain judgments against the firm of Campbell, Jones & Co., which were liens thereon; that the assignment of the certificate of sheriff's sale and the said redemption of said lands were made by Allen under an arrangement between him and plaintiff, for plaintiff's protection, and to enable him to enforce his judgment against the lands, and that Allen is about to sell said lands; and, without regard to his agreement, to pay over the proceeds thereof to defendant J. C. Jones.

Allen, in his answer to the petition, admits substantially the arrangement between himself and plaintiff, as charged in the petition, with the further statement that he was to advance the money necessary to purchase the certificate of the sale of the land and to remove the liens thereon, and was to hold the lands to secure himself on account of such advances, and was authorized, by the arrangement, to sell the lands and first repay himself for the sum he advanced, with interest and commission, and the balance he was to hold for the use of the plaintiff. He asks to be permitted to carry out that arrangement.

The plaintiff, by an amended petition, states that after the filing of

his original petition, the lands had been reconveyed to John C. Jones by Rely Jones, and the proceedings were therefore dismissed as to the last named defendant.

John C. Jones' copartners in the firm, who are made defendants, answer the petition, substantially admitting its allegations.

The answer of John C. Jones sets up, as defenses to the action, the following matter: that the judgment in favor of plaintiff was rendered by consent upon the agreement of the plaintiff, to assume and pay two-thirds of the indebtedness of the firm, or, in other words, the portion thereof that the other partners, B. and T. W. Campbell, who are plaintiff's brothers, ought to pay, and that the books and claims of the firm were assigned to plaintiff under that agreement, upon which he has realized large sums, for which he has not accounted; that defendant John C. Jones has paid $6,000, being more than one-third of the indebtedness of the firm, which was about $9,000, and that, therefore, the said judgment of plaintiff ought not to be enforced against him.

The answer also denies that any such arrangement was made between Allen and plaintiff as is charged in the petition, and avers, that, in fact, Allen acquired title to the certificate of sale and redeemed the lands from the liens thereon, under an agreement with defendant, and for his use and benefit, and was to hold the lands for that purpose, and not for the use and benefit of plaintiff.

Other averments of fact are made in the pleadings, but those above given present the real issues between the parties.

The questions raised for our determination are those of fact, exclusively, upon the issues as above presented.

I. Upon the issue of fact involving the agreement between plaintiff and J. C. Jones and his copartners, that plaintiff was to pay two-thirds of the debts of the firm, there is conflict of evidence. The defendant J. C. Jones and another witness give evidence in support of the allegations of defendant's answer and cross-bill. The plaintiff and the other partners, in their evidence, contradict defendant's witnesses, and give evidence in denial of the fact that any such agreement was entered into. Upon the direct evidence there is a conflict, with the preponderance for plaintiff, and there are facts and circumstances which strongly corroborate and support the evidence of plaintiff and his witnesses. We are well satisfied that the conclusion of the district court in finding upon this issue for plaintiff is correct. It is not proper that we enter into a discussion of the evidence, which could not be done without occupying many pages. Plaintiff admits the receipt of certain accounts and claims to be collected by him, and the court below finds that he should be charged with the sum of $400 on that account, which is credited upon his judgment. This, we think, is in accord with the evidence.

II. Upon the other question of fact, namely, with which party was

the agreement with Allen made, there is also conflict of evidence. We think, however, that the decision of the district court, in holding the lands subject to plaintiff's judgment, is correct, whatever may be the effect of the evidence on this point, even should it preponderate for defendant, which, however, we do not determine.

Defendant insists that Allen was to hold the lands for him and not for plaintiff, and that he has paid to Allen a large sum upon the arrangement, and advanced other sums to pay taxes or discharge liens from tax sales. Let this all be admitted. Is it any reason why plaintiff's judgment should not be enforced against the land? We fail to see that it is. All that defendant claims is, that the lands are held for him by Allen. For that very reason, because the lands are his property, or because he has an interest in them, they should be held subject to plaintiff's judgment. This is obvious, and requires no explanation to make it plain to the mind of every one.

III. Upon the trial, a deposition of a witness for plaintiff was read in evidence, which had been received and filed during the progress of the trial. To this defendant objected. The trial continued for three days, and the deposition was received on the second day. There was no showing of surprise, nor application for a continuance based thereon; neither was there any exceptions taken to the deposition for irregularity. We think the court properly admitted the reading of the deposition.

But we are not, on this appeal, reviewing the decision of the court below, to correct errors that may have been committed upon the trial. The cause is here for trial, *de novo*, upon its merits. Had the court improperly admitted the evidence, we could not reverse the decision in the case for that reason. The deposition is before us, and is offered as proper evidence. As no objection has been made to it in this court, either at or before the trial, based upon surprise or prejudice to defendant, or irregularity in the deposition itself, it cannot be excluded.

IV. The decree directs the sale of the land at a day fixed (October 19, 1868), unless the plaintiff pay to Allen his claim thereon before that day, and that such sale shall be absolute and without redemption. In case plaintiff pay Allen his claim, Allen is directed to convey the lands to him. The decree further directs that Allen be put in the immediate possession of the land. The decree is framed upon the theory that Allen, under the arrangement with plaintiff, holds the title to secure, first, himself for advances and expenses, and, after he is paid, the remainder of the proceeds of the land to be applied to the payment of plaintiff's judgment. Admitting that the evidence establishes the facts, in regard to the transaction with Allen, as claimed by plaintiff, we do not think the decree in these provisions is correct. Whether the arrangement, under which Allen acquired the land, was made with plaintiff and for his benefit, or with defendant, the provisions of

the decree should be the same so far as they relate to the sale of the lands. These lands were the property of defendant, and were acquired, or the liens thereon, by Allen to secure plaintiff. They were held by him for no other purpose than as security for his own advances and the claim of plaintiff. Can it be pretended, that, if defendant had, before the decree, tendered Allen the amount of those advances and plaintiff's judgment, he would not have been entitled to a conveyance from Allen and could not have enforced it by proper action? Clearly not. Allen holds the lands as security, and equity must so regard it. The transaction is in the character of an equitable mortgage, and defendant ought to be secured in all the rights of a mortgagor. Under our statute he is entitled to redemption after sale upon foreclosure, and equity will follow the analogy of the law and secure that right to him in this case. Under the circumstances of the case this will do complete equity between the parties. For the same reason we are of the opinion that the provision in the decree requiring the immediate possession of the property to be given to Allen is not authorized by the law or the facts of the case. Besides, such relief is not prayed for by Allen; in fact he asks no affirmative relief, nor does he file a cross-bill in the action. The relief is hardly warranted unless it is sought by the party to whom it is given. There are no special facts or circumstances in the case which require it.

The decree will be modified so that the lands may be sold upon a special execution, with right of redemption as provided by statute. The proceeds of the sale will be applied, first, to the payment of Allen's claim, and, secondly, to the payment of plaintiff's judgment. A general execution will issue for any balance remaining unpaid upon plaintiff's judgment after the sale of the lands and the application of the proceeds thereof as here directed. The decree as modified will not direct Allen to be put in the immediate possession of the lands. The rights of all the parties under the decree will be the same as are secured to corresponding parties in the case of a foreclosure of a mortgage and sale thereunder.

A decree in accordance with the decision of the district court, with the modifications above indicated, will be entered in this court. The costs of this appeal are adjudged against defendant.

Modified and affirmed.