## CAMPBELL v. JONES ET AL.

1. CONTRACT: REDEMPTION. Evidence held insufficient to sustain an agreement that the owner of land should be permitted to redeem from sheriff's sale.

2. DEED: LIEN. When a conveyance was held not to discharge a lien of the grantee upon the land conveyed.

*Appeal from Polk District Court.*

THURSDAY, MARCH 18.

ACTION in chancery. There was a decree in the District Court settling the rights of the parties from which defendants appeal. The facts of the case appear in the opinion.

*Gatch, Wright & Runnells*, for appellant Allen.

*L. Ruttkay*, with *Phillips & Phillips*, for appellant Jones.

*Goode & St. John*, for plaintiff.

BECK, J.—This cause has before been in this court. See 29 Iowa, 600. The issues between the parties as presented in the opinion there found, for a better understanding of the questions arising on this appeal, may be briefly stated.

The plaintiff holds a judgment against a co-partnership of which defendant Jones is a partner, and seeks to enforce it against his lands. Defendant Allen holds certain certificates of the sale of the land upon judgments, and plaintiff claims that under an arrangement with Allen these certificates are held by him for plaintiff's benefit and protection, while defendant Jones maintains that Allen is bound to permit him to redeem from the lien or title he holds, and has received large sums under such an agreement. The original decree in the District Court declared plaintiff's judgment a lien on said lands, subject to the claim of Allen, and ordered them sold on condition that plaintiff should pay off and discharge Allen's claim. But, in case Allen's lien was not discharged by payment, it was ordered that the sale of the land be without redemption, and that Allen be put in possession of the property. By our former opinion the decree was affirmed, except as to the provision last stated. We held that the land should be sold upon special execution with the rights of redemption, and that the proceeds should be applied first to the payment of Allen, and secondly to the discharge of plaintiff's judgment. We did not determine whether Allen held the liens under the sales, of which the certificates were in his hands, for the benefit of either plaintiff or defendant Jones; that question is waived in the opinion.

By the decree entered in this court, further provisions were made than those referred to, which it will be well to give in the language of the decree itself. It is as follows: "It being made to appear to the court that the

defendant B. F. Allen claims to have paid considerable sums for taxes levied upon said real estate, both before and since the commencement of this action, and that he also claims to be the owner in fee simple of said real estate, by title paramount to any of the judgments mentioned in the pleadings herein, and by a conveyance from one of the parties, executed since the entry of the above mentined decree (of the District Court), which claims have not been adjudicated in this case; that the condition of the pleadings and evidence is such that an adjudication cannot be had thereon, and that the rights of the parties and furtherance of justice demand that the parties shall be permitted to form proper issues and submit additional evidence; it is, therefore, ordered that this cause be remanded to the District Court of Polk county, with leave to said Allen to file therein a cross-bill against the plaintiff and his co-defendants, setting forth the grounds upon which he claims additional relief, and the other parties may answer and file such other pleadings thereto as they may be advised, and upon which further proceedings shall be had according to law and the rules and practice of said court."

Under this decree the cause was remanded and Allen filed his supplemental answer and cross-bill, setting out that he had become the owner of the lands, or of a part of them through a conveyance from one Sibley, who derived title upon a purchase at sheriff's sale, under a judgment senior to all others under which liens or titles by plaintiff or Allen are claimed. The cross-bill also alleges that plaintiff conveyed by quit claim deed the lands in controversy, or a part of them, to Allen. Under these conveyances he alleges that the title of a part of the land is vested in him, and he asks that it may be so decreed, and that the amount found due him by the original decree as well as certain large sums advanced by him in payment of taxes, etc., may be declared a prior lien upon the tracts of land to which he makes no claim of title. Plaintiff, answering, resists the claim of Allen to title in the lands, and insists that as between him and Allen, all matters were determined by the prior decision in this court, and that the land should be subject to sale for the payment of Allen's claim first, and the proceeds afterward applied upon his judgment.

Defendant, Jones, answering the cross-bill, alleges that, under an arrangement between them, he has the right to redeem from the claims of Allen, that they were acquired under an agreement to that effect, and that Allen has been paid by the proceeds of the sale of a part of the land, and by wastes committed by him upon the tracts remaining unsold. He asks for an accounting between himself and his co-defendant.

I. We will first consider the issues between Allen and Jones. Allen now holds title to the land under the sales made on the judgments, the certificates of which he held, deeds having been made thereon. Has Jones established the alleged arrangement under which he caims a right to redeem? We think not. He testifies to the agreement, and Allen positively denies it. A witness for Jones gives evidence of conversations and transactions between Allen and Jones, which tend to support Jones' claim. But they are not inconsistent with every other view than the one insisted upon by Jones. These conversations and transactions may have been had, and yet it does

not follow that we must conclude Allen was bound to permit Jones to redeem. While these things tend to prove the fact alleged, they by no means establish it, certainly they are far from being satisfactory proof thereof. Jones claims that the legal title held by Allen is defeasible, and is charged with an equity in his behalf. But he fails to support his claim by evidence deemed by the law sufficient and satisfactory in such cases. Our conclusion is that, as against Jones, Allen *holds* the title to the lands in dispute. This makes it unnecessary to consider any other question in issue between them.

II. We will now consider the questions arising between Allen and Campbell. That Allen acquired his interest in the judgment liens by the purchase of the certificates of the sale of the land, under an agreement that Campbell's interests were to be protected by him, so far that his claim was to be paid out of the proceeds of the lands which were to be sold by Allen, cannot be doubted. Indeed it is not denied by Allen. His claim, however, was to be first paid.

Allen's purchase from Sibley was with the express understanding that Campbell was to have the right to redeem from Allen. Sibley was Campbell's attorney, and one of his objects, if not the only one, in conveying to Allen was to protect Campbell. Allen, therefore, cannot defeat Campbell's judgment by means of the title acquired from Sibley.

Neither can Campbell's rights under the judgment be defeated by his quit claim deed to Allen. The deed under the circumstances of the case did not operate to assign or release the lien. We find no evidence in the record of an agreement between Allen and Campbell or of an intention on their part that Campbell's lien should be transferred to Allen, or that it should be cut off or discharged.

We conclude that Allen holds the land subject to the agreement between himself and Campbell to the effect that Allen should be first paid, out of the proceeds of the sale of the land, the money advanced by him in the purchase of the certificates of sheriff's sales, payment of taxes, etc., etc. After he has been fully paid, Campbell's lien will be discharged.

Since the first decree entered in this case, Allen has sold a part of the lands to several persons who are not parties to this suit. The amount realized by these sales when made equalled, according to our estimate, the claim of Allen for money advanced upon the lands. To these sales, we think, Campbell can have no ground of objection. They seem to have been made for a consideration and were authorized by the agreement between Campbell and Allen.

There is no reason why they should be interfered with so far as Campbell's rights are concerned. Allen certainly cannot object to them. Besides, as the purchasers are not before us, no action in this case ought to be had which will interfere with their rights.

The land remaining unsold ought to be subject to Campbell's lien and the proceeds thereof applied first to the payment of his judgment. As Allen holds the title against Jones, any proceeds remaining after the payment of Campbell's judgment will be paid to him.

A decree will be entered confirming the title of Allen to the lands under his deeds executed upon the sales on the judgments, being the sales upon

which the certificates were issued which were transferred to him. The land remaining in his hands unsold will be held subject to the lien of Campbell and a sale thereof ordered, the proceeds to be applied to the payment of his judgment in the first place and any balance remaining after the satisfaction thereof will be paid to Allen.

REVERSED.

ORDERED.—The counsel for Allen will prepare a decree which will be submitted to the counsel of the other parties who will indorse thereon, in writing, their approval or objections. It will then be submitted to the court for approval.

The costs will be equally assessed against Jones and Allen.